# In the United States Court of Federal Claims

No. 18-1182C

(Filed: October 1, 2018)

**UNPUBLISHED**

| | |
|---|---|
| VALERIE R. CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) RCFC 12(h)(3); Pro Se Plaintiff; |
| | ) No Claim Against the United States; |
| v. | ) Disability Discrimination Claim; |
| | ) Transfer to a United States District |
| UNITED STATES, | ) Court. |
| | ) |
| Defendant. | ) |

Valerie R. Chapman, Columbus, OH, pro se plaintiff.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

CAMPBELL-SMITH, Judge.

The court has before it the complaint and plaintiff's application to proceed in forma pauperis. As explained below, the complaint states a disability discrimination claim which is not within this court's jurisdiction. Transfer to the United States District Court for the Southern District of Ohio is appropriate.

I. Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). If there is no jurisdiction in this court over a complaint, the suit must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC).

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012).

That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

Ms. Chapman's claim is against her former employer, the "First Coast Security" firm, also identified in the complaint as "Incorp Services Inc. DBA First Coast Security Services Inc." ECF No. 1 at 1; ECF No. 1-1 at 2. Only the United States can be sued in this court. See, e.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (stating that the only proper defendant in this court is the United States) (citations omitted). There is no jurisdiction in this court for a claim against First Coast Security.

In addition, Ms. Chapman's claim is founded on an allegation of discrimination based on her disability. ECF No. 1 at 1. This court has no jurisdiction over disability discrimination claims. See, e.g., Maclin v. United States, 121 Fed. Cl. 66, 67-68 (2015) (citations omitted). Such claims are cognizable in a district court, not this court. Id.

II.     Transfer

Because Ms. Chapman's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate.

Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part that

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. One compelling reason for transfer is when a statute of limitations would possibly bar a newly filed claim, that would otherwise, if transferred pursuant to section 1631, be considered to have been timely filed as of the date of its original filing in this court. Texas Peanut Farmers v. United States, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (citation omitted).

2

     Transfer is appropriate here, because timeliness concerns may bar Ms. Chapman's claim if it is dismissed here and she is obliged to refile her claim in a district court.  See ECF No. 1-1 at 2 (notice to Ms. Chapman that her claim, if filed in a district court, may be subject to a 90-day statute of limitations, beginning on or about June 6, 2018).  The court finds that transfer is appropriate in this case.

     For the limited purpose of determining that the court lacks jurisdiction over the complaint, the court **GRANTS** plaintiff's application to proceed in forma pauperis, ECF No. 2.  It is hereby **ORDERED** that the clerk's office is directed, pursuant to 28 U.S.C. § 1631, to **TRANSFER** this suit to the United States District Court for the Southern District of Ohio.

     IT IS SO ORDERED.

*[signature]*
PATRICIA E. CAMPBELL-SMITH
Judge